295 F.2d 390
 Woodrow W. HOOD, Peggy Ann Hood, Lever Ray, Irma Ray, Henry Lowrey, Ruth Lowrey, Samuel L. Buckner, Connie Buckner, Eugene Ray, Viola Ray, Heywood Benenhaley, Stella Benenhaley, Raymond Benenhaley, Nell Benenhaley, Wallace Benenhaley and Myrtie Benenhaley, Appellants,
v.
BOARD OF TRUSTEES OF SUMTER COUNTY SCHOOL DISTRICT NO. 2, SUMTER COUNTY, SOUTH CAROLINA, J. E. Mayes, Jr., Chairman of said Board, H. E. Kirven, C. W. Goodman, W. T. Brogdon, J. Elbert Davis, Jr., Members of said Board, Appellees.
 No. 8383.
 United States Court of Appeals Fourth Circuit.
 October 17, 1961.
 
 Ira Kaye, Sumter, S. C., Rowland Watts, New York City, for appellants.
 Shepard K. Nash and John S. Wilson, Sumter, S. C., for appellees.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Whereas, it appears from the record in this case that the plaintiffs, who reside in Sumter County, South Carolina and call themselves Turks and members of the Caucasian race, complain that in the past children of their race, being of darker color, have not been admitted to the public schools of the county in equality with the white children residing in the county and have been required to attend a separate school, and this custom has led to lengthy litigation in the District Court in order to establish equal rights for the children of this race to attend the public schools of the county; and
 
 
 2
 Whereas, in the pending case the plaintiffs brought suit (1) to secure the admission of their minor children to the Hillcrest School or Shaw Heights School in Sumter County, and (2) to secure a declaratory judgment that the custom of refusing admission to children of their race to the white public schools of the county on the basis of race or color was unconstitutional and violative of the Fourteenth Amendment of the Constitution of the United States, and (3) to secure an injunction restraining the defendants, the Board of Trustees of Sumter County District No. 2 from denying to the children of the race admission to the white public schools of the county in the areas in which they reside; and
 
 
 3
 Whereas, it appears that the children of the plaintiffs, prior to the judgment of the District Court in this case, were admitted to the Shaw Heights School and that the Judge of the District Court, being of the opinion that the controversy had been settled, struck the case from the calendar of the court without prejudice to the right of any party that might arise in the future; and
 
 
 4
 Whereas, we were assured in the argument of the appeal by the attorney for the Board of Trustees that they intend to recognize the constitutional rights of the members of the race in the future.
 
 
 5
 It Is, Therefore, Ordered, Adjudged And Decreed that the judgment of the District Court be reversed and that in place thereof the judgment and decree of the District Court shall be as follows:
 
 
 6
 It Is, Therefore, Adjudged And Decreed (1) that in view of the admission of the children of the plaintiffs to the Shaw Heights School, the relief prayed for with regard to them has been granted and no further action on their behalf is required by the District Court; (2) that the children of the race known as Turks are entitled to admission to the public schools of Sumter County, South Carolina on an equal basis with all children of the county and without discrimination as to race or color; (3) that the prayer for the injunction be refused; and (4) that the case be reinstated on the docket of the District Court and that this decree be filed as the decree of said court.
 
 
 7
 It is further ordered that the Clerk of this Court shall forthwith transmit as the mandate of this Court a certified copy of this decree to the United States District Court for the Eastern District of South Carolina.